**In re:  Jamal HART, Petitioner.**

No.  06–2731.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. June 8, 2006.

Filed:  Aug. 29, 2006.

Jamal Hart, Ray Brook, NY, pro se.

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Jamal Hart petitions this Court to issue a writ of mandamus ordering the United States District Court for the Eastern District of Pennsylvania to vacate his judgment and sentence. We will deny Hart's petition.

A jury found Hart guilty of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 188 months imprisonment. This Court affirmed. *See United States v. Hart,* 175 F.3d 1011 (3d Cir.1999). The United

States Supreme Court denied Hart's petition for writ of *certiorari* on October 12, 1999. *See Hart v. United States*, 528 U.S. 945, 120 S.Ct. 362, 145 L.Ed.2d 283 (1999). Next, Hart unsuccessfully attempted to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.

In May 2006, Hart filed this mandamus petition. Hart argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e). Specifically, Hart states that his sentence violated his Fifth and Sixth Amendment rights in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), decided January 12, 2005.

Mandamus is an appropriate remedy only in the most extraordinary of situations. *Sporck v. Peil*, 759 F.2d 312, 314 (3d Cir.1985). To justify such a remedy, a petitioner must show that he has (I) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 89 (3d Cir.1992)(citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). In this case, *Booker* does not apply retroactively because Hart's conviction became final well before January 12, 2005. *See Lloyd v. United States*, 407 F.3d 608, 615–16 (3d Cir.2005).

For these reasons, we will deny the mandamus petition.